**FILED**
**January 14, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Gary L. Ziegler,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-232**  (JCN: 2022024379)
                    (ICA No. 23-ICA-440)

**Davis Kitchen & Tile, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Ziegler appeals the February 27, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Ziegler v. Davis Kitchen & Tile, LLC*, No. 23-ICA-440, 2024 WL 1592609 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision). Respondent Davis Kitchen & Tile, LLC filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the September 7, 2023, decision of the West Virginia Workers' Compensation Board of Review, which rejected the claim.

The claimant contends that he sustained an injury to his right wrist as a result of repetitive twisting motions associated with troweling, tiling, and the installation of kitchen and bathroom cabinetry, while working as a tile and cabinet installer. Because the claimant believes that the medical record supports the view that his injuries were a result of an occupational disease, he argues that the holding in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022)[2] provides that his condition should be presumed to be the result of his employment. The

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

[2] In *Moore*, this Court considered the effect of preexisting conditions upon the compensability of a workers compensation claim and held that:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the

employer counters by arguing that the evidence simply does not support a finding that the claimant's condition is occupational in nature, and the petition for appeal should be refused.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W.Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 14, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.*, 247 W. Va. at 294, 879 S.E.2d at 781, Syl. Pt. 5.